## PAULY v. CORONADO BEACH CO.

(Circuit Court, S. D. California. June 12, 1893.)

CORPORATIONS—ULTRA VIRES ACTS.

A California corporation was organized, as stated in the articles of incorporation, for the purpose of acquiring a certain piece of land, laying it out as a town, and reselling in lots, blocks, etc., and also of acquiring

"street railroad or other rights and franchises, telegraph, telephone, or other similar franchises, and gas and electric light franchises, over the said property, or any part thereof." *Held*, that the corporation had no authority to subscribe for shares of stock in a manufacturing corporation, and such a subscription was ultra vires and void.

At Law. Suit by Frederick N. Pauly, receiver of the California National Bank of San Diego, against the Coronado Beach Company. Judgment for defendant.

M. T. Allen, for plaintiff.

James E. Wadham, for defendant.

ROSS, District Judge. This suit was brought to recover of the defendant, as the holder and owner of certain shares of stock in a corporation called the Coronado Fruit-Package Company, its alleged pro rata share of certain indebtedness due from that company to the bank, of which the plaintiff is the receiver. The defendant and the Coronado Fruit-Package Company are both corporations duly organized under the laws of the state of California. The purposes of the defendant, as stated in its articles of incorporation, are:

"(a) To acquire, by purchase or otherwise, that piece or parcel of land situate on the bay of San Diego, in the county of San Diego, state of California, and known as the 'Peninsula of San Diego,' and as 'Coronado Beach Property;' to lay out and divide the same, or such parts thereof as they may deem advisable, into town blocks and lots, with suitable streets and avenues; and, generally, to develop and beautify the same as a town and seaside resort, with a view to reselling or otherwise disposing of the same in blocks or lots, and either by public auction or private contract, or to cultivate, improve, subdivide, or sell, for any other purpose, any pieces or parts thereof.

"(b) To acquire, by purchase or otherwise, street-railroad or other rights and franchises, telegraph, telephone, or other similar franchises, and gas and electric light franchises, over the said property, or any part thereof, and to develop, resell, or otherwise dispose of the same, and to acquire, hold, and maintain all and every right, privilege, and interest in and over the said property, its appurtenances and privileges, that a private owner thereof might or could do, have, or hold, in and over the same; also, to construct and maintain wharves upon the said water front."

The purposes of the Coronado Fruit-Package Company, as stated in its articles of incorporation, are:

"The manufacture of fruit packages, veneers, and general woodwork, and to receive and collect compensation for such products, and to purchase, hold, and operate all necessary real and personal property in the conduct of the business aforesaid."

E. S. Babcock, Jr., was one of the incorporators of the defendant Coronado Beach Company, and the evidence in this case shows that he was the practical manager and controller of the business of that company. Acting for the Coronado Beach Company, he became one of the incorporators of the Coronado Fruit-Package Company, signing the articles of incorporation of that company, "E. S. Babcock, Jr., Trustee for Coronado Beach Company," and in the same capacity, and in the same way, he subscribed for 100 shares of the stock of the Coronado Fruit-Package Company, the certificate therefor being issued to "Coronado Beach Co., E. S. Babcock, Jr., Trustee." Eighty per cent. of the face value of the

stock, to wit, the sum of $8,000, was paid by the Coronado Beach Company to the Coronado Fruit-Package Company, and the certificate of stock kept among the assets of the defendant company. All of this was done by the direction of E. S. Babcock, Jr.

Assuming that the acts of Babcock in these particulars should be considered and treated as the acts of the Coronado Beach Company, they must be held ultra vires of that company. The doctrine upon that subject is thus summed up by the supreme court in the case of Central Transportation Co. v. Pullman's Palace Car Co., 139 U. S. 48, 11 Sup. Ct. Rep. 484:

"The charter of a corporation, read in the light of any general laws which are applicable, is the measure of its powers, and the enumeration of those powers implies the exclusion of all others not fairly incidental. All contracts made by a corporation beyond the scope of those powers are unlawful and void, and no action can be maintained upon them in the courts; and this, upon three distinct grounds: The obligation of every one contracting with a corporation to take notice of the legal limits of its powers; the interest of the stockholders, not to be subjected to risks which they have never undertaken; and, above all, the interest of the public, that the corporation shall not transcend the powers conferred upon it by law."

If it be assumed that the laws of California, conferring the right of forming corporations, is not limited to individual persons, it is nevertheless clear that the purposes of the defendant company, as expressed in its articles of incorporation, do not, expressly or by implication, include the subscription for shares in any other corporation, and the assumption of the resulting liabilities. See Mor. Priv. Corp. § 433.

There must be judgment for the defendant, and it is so ordered.